IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| PERLA HERRERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 16 L 12739 |
| | ) |
| CITY OF CHICAGO, a municipal corporation, | ) Transferred to Municipal |
| and CHICAGO POLICE OFFICER HECTOR | ) |
| FUENTES, STAR NO. 11396, | ) |
| | ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT

Perla Herrera, by her attorney, Peter V. Bustamante, for her second amended complaint states:

### FACTS COMMON TO ALL COUNTS

1. The plaintiff, Perla Herrera ("Perla"), brings this action to redress injury done to her by the intentional deprivation of her rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, as well as violations of Illinois laws.

2. Perla is a natural person, residing in the City of Chicago, Cook County, Illinois.

3. Defendant City of Chicago is a municipal corporation, organized and existing under and by virtue of the laws of the State of Illinois.

4. Through its operations, defendant City of Chicago established and organized the Chicago Police Department.

5. The defendant Hector Fuentes, Star No. 11396 ("Fuentes"), is a natural person, employed by the City of Chicago as a police officer.

6. On January 20, 2016, at approximately 3:00 p.m., Perla was driving on 55th Street near its intersection with St. Louis Avenue, in Chicago, Illinois, near Hernandez Middle School when she saw a car blocking all vehicular traffic in both directions on those streets in order to let a child in the car.

7. Because this car was endangering children leaving Hernandez Middle School, Perla used her cellphone to videotape the incident involving this car.

8. Perla turned left onto St. Louis Avenue and parked her car about a quarter block from that intersection.

9. Perla saw a group of people near the corner, including crossing guards, and she approached them, informing them about the needless danger caused by the driver of the car that blocked all traffic. Among the persons she approached was Chicago Police Officer Fuentes.

10. When Perla neared Fuentes, Fuentes grabbed Perla, twisted her arms behind her back, pushed her all the way to her car, and pushed her face down on the trunk of the car.

11. Fuentes screamed at Perla, called her names, kicked her, thrust his knee into her buttocks, beat her, and pulled her hair. When Perla attempted to break free from Fuentes, he yelled that she had just struck a police officer.

12. At no time did Perla assault, strike or commit battery upon Fuentes.

13. Fuentes also grabbed Perla under her arm, twisted her arms behind her back, and paid no heed when Perla told him that, because she was a cancer survivor, she could not be touched in that area or in that manner.

14. Because Perla is undergoing chemotherapy, she has a port under the skin below her shoulder. Perla also has extreme sensitivity in the arms because of her cancer surgery.

2

15. Despite Perla's pleas not to pull at her arms due to her cancer surgery, defendant Fuentes twisted Perla's arms behind her back and handcuffed her.

16. Fuentes treated Perla as though he was dealing with a violent criminal, even though Perla approached him only to inform him of a dangerous traffic situation, *to wit*, the car endangering children by stopping in the middle of an intersection.

17. A person viewing Fuentes' violence upon Perla called 911 and the police came on the scene.

18. When the Chicago police officers arrived, Fuentes identified himself as a police officer to them and told them that Perla had struck him. The Chicago police arrested Perla and took her to the police station.

19. At the police station defendant Fuentes walked, unattended, into the lock-up and attempted to speak to Perla.

20. Fuentes used his office as a Chicago Police Officer to get into the lock-up.

21. A civilian complaining witness would not have been allowed unattended into the lock-up.

22. At the police station, Fuentes signed a criminal complaint charging Perla Herrera with battery upon him.

23. The criminal complaint against Perla was scheduled for hearing on March 14, 2016. Fuentes, the complaining witness, did not appear at that hearing and the case was continued to March 28, 2016.

24. On March 28, 2016, the criminal complaint against Perla was again called for hearing. Fuentes, the complaining witness, again did not appear at that hearing and the case was

3

stricken on leave to reinstate. Perla made a demand for immediate trial, starting the 160-day period to reinstate the criminal case pursuant to the Speedy Trial Act, 725 ILCS 5/103-5.

25. At all times pertinent, defendant Fuentes was acting under the color of state law.

### COUNT I – CIVIL RIGHTS – FUENTES

1-25. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 as though set forth verbatim herein.

26. 42 U.S.C. § 1983 provides that every person who, under color of law, subjects any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws of the United States, shall be liable to the injured party in an action at law, suit in equity or other proper proceeding for redress.

27. The due process clause of the Fifth and Fourteenth Amendments to the United States Constitution provides that life, liberty, and property cannot be deprived without due process.

28. Chicago Police Officer Fuentes violated Perla's constitutionally protected rights in that, without provocation or reason, he used excessive and unnecessary force on Perla by pushing her all the way to her car, pushing her face down on the trunk of her car, repeatedly kicking her, kneeing her, hitting her, pulling her hair, and screaming at her, and ignoring Perla's please not to touch the area where she had cancer surgery, all in response to Perla's concern for a dangerous traffic situation.

29. As a direct and proximate result of the intentional deprivation of Perla's constitutionally protected rights, Perla was bruised and beaten in several places and she suffered severe emotional distress.

4

30. When Chicago police officer Fuentes was pushing, kicking, kneeing, hitting, screaming at, and pulling Perla's hair, Fuentes was acting within the scope of his employment with the City of Chicago as a Chicago Police Officer.

**WHEREFORE**, Perla Herrera prays for judgment in her favor and against the defendant Chicago Police Officer Hector Fuentes and she seeks compensatory and punitive damages, reasonable attorney's fees, the costs of this action, and such other and further relief as the Court deems just.

## COUNT II – CIVIL RIGHTS – CITY OF CHICAGO

1-30. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 of Count I, as though set forth verbatim herein.

31. The City of Chicago is liable for the acts of its police officers while they are acting in the course and scope of their employment.

32. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable when acting within the scope of their employment activities.

**WHEREFORE**, Perla Herrera prays for judgment in her favor and against defendant City of Chicago, and she seeks compensatory damages, reasonable attorney's fees, the costs of this action, and such other and further relief as the Court deems just.

## COUNT III – ASSAULT – FUENTES

1-25. Plaintiff repeats and realleges paragraphs 1 through 25 of the Facts Common to All Counts as though set forth verbatim herein.

26. Fuentes' actions caused Perla to be in reasonable apprehension of immediate battery.

27. The actions of Chicago police officer Fuentes were the direct and proximate cause of the injuries suffered by Perla.

28. Fuentes' actions were unjustified and offensive physical actions, which were undertaken intentionally or with willful indifference to Perla's well-being.

**WHEREFORE**, Perla Herrera prays for judgment in her favor and against defendant Hector Fuentes, and she seeks compensatory damages in excess of $50,000.00, punitive damages,[1] the costs of this action, and such other and further relief as the Court deems just.

### COUNT IV – ASSAULT – CITY OF CHICAGO

1-28. Plaintiff repeats and realleges paragraphs 1 through 28 of Count III as though set forth verbatim herein.

29. In taking these actions, Chicago Police Officer Fuentes was acting in the course and scope of his employment with the City of Chicago.

30. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable when acting within the scope of their employment activities.

31. The City of Chicago is liable for the acts of its police officers while they are acting in the course and scope of their employment.

**WHEREFORE**, Perla Herrera prays for judgment in her favor and against defendant City of Chicago, and seeks compensatory damages in excess of $50,000.00, the costs of this action, and such other and further relief as the Court deems just.

---

[1] On September 15, 2017, the Court struck plaintiff's claims for punitive damages in the state law claims; the claim for punitive damages are re-alleged in order to preserve the issue for review.

6

## COUNT V – BATTERY – FUENTES

1-25. Plaintiff repeats and realleges paragraphs 1 through 25 of the Facts Common to All Counts as though set forth verbatim herein.

26. Chicago Police Officer Fuentes, without lawful authority, physically attacked and abused Perla and committed acts of intentional, harmful and offensive contact with the person of Perla Herrera, without provocation or legal justification.

27. The actions of Chicago Police Officer Fuentes were the direct and proximate cause of the injuries suffered by Perla.

**WHEREFORE**, Perla Herrera prays for judgment in her favor and against defendant Hector Fuentes, and she seeks compensatory damages in excess of $50,000.00, punitive damages,[2] the costs of this action, and such other and further relief as the Court deems just.

## COUNT VI – BATTERY – CITY OF CHICAGO

1-27. Plaintiff repeats and realleges paragraphs 1 through 27 of Count V as though set forth verbatim herein.

28. In taking these actions, Chicago Police Officer Fuentes was acting in the course and scope of his employment with the City of Chicago.

29. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable when acting within the scope of their employment activities.

30. The City of Chicago is liable for the acts of its police officers while they are acting in the course and scope of their employment.

---

[2] See footnote number 1.

7

**WHEREFORE**, Perla Herrera prays for judgment in her favor and against defendant City of Chicago, and she seeks compensatory damages in excess of $50,000.00, the costs of this action, and such other and further relief as the Court deems just.

### COUNT VII – MALICIOUS PROSECUTION – FUENTES

1-25. Plaintiff repeats and realleges paragraphs 1 through 25 of the Facts Common to All Counts, as though set forth verbatim herein.

26. Chicago Police Officer Fuentes, by charging Perla with battery in case No. 16187573, intentionally, or willfully and wantonly, initiated criminal proceedings against Perla and/or caused criminal proceedings to be continued against Perla, knowing that she did not commit a crime and without probable cause to believe that she had committed a crime.

27. The Chicago police were called to the scene of this incident by an independent bystander who was concerned after viewing Fuentes' actions, *to wit*, beating Perla Herrera, pulling her hair, screaming at her, pushing her face onto the trunk of her car, and other actions. Yet, with intent, malice, willfulness, and/or reckless indifference to Perla's rights, defendant Chicago Police Officer Fuentes created and gave false accounts to the officers that arrived at the scene as a result of this 911 call regarding the facts that had occurred and created false charges against Perla.

28. On March 28, 2016, the battery action against Perla Herrera, case No. 16187573 was stricken on leave to reinstate after Fuentes failed to appear for two court dates.

29. Defendant Fuentes failed to appear as a complaining witness against Perla because he knew the charges he brought were false.

30. On March 28, 2016, after Fuentes failed to appear in criminal court for the second time, Perla demanded immediate trial.

8

31. Without Fuentes as a complaining witness, the prosecution would never be able to prove a case of battery against Perla.

32. Fuentes never presented himself in court to offer testimony against Perla.

33. Fuentes never had the criminal case against Perla re-instated and the dismissal of the case against her was final after 160 days from March 28, 2016.

34. The criminal case against Perla terminated in a manner indicative of her innocence because defendant Fuentes failed on two occasions to attend court to press his charges.

35. Had Fuentes been present in Court to press charges, he would not have been able to prove that Perla committed a battery upon him, as he had no injuries and sought no medical treatment.

36. Perla videotaped some of Fuentes' actions on her cellphone, which demonstrably establishes that he was the aggressor in the encounter between the two.

**WHEREFORE**, Perla Herrera prays for judgment in her favor and against the defendant Hector Fuentes, and she seeks compensatory damages in excess of $50,000.00, punitive damages,[3] the costs of this action, and such other and further relief as the Court deems just.

## COUNT VIII – MALICIOUS PROSECUTION – CITY OF CHICAGO

1-36. Plaintiff repeats and realleges paragraphs 1 through 36 of Count VII as though set forth verbatim herein.

37. In taking these actions, Chicago Police Officer Fuentes was acting in the course and scope of his employment with the City of Chicago.

---

[3] See footnote number 1.

9

38. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable when acting within the scope of their employment activities.

39. The City of Chicago is liable for the acts of its police officers while they are acting in the course and scope of their employment.

**WHEREFORE**, Perla Herrera prays for judgment in her favor and against defendant City of Chicago, and she seeks compensatory damages in excess of $50,000.00, the costs of this action, and such other and further relief as the Court deems just.

## COUNT IX--INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – FUENTES

1-25. Plaintiff repeats and realleges paragraphs 1 through 25 of the Facts Common to All Counts as though set forth verbatim herein.

26. The acts of defendant Chicago Police Officer Fuentes toward Perla were extreme and outrageous.

27. Chicago Police Officer Fuentes intended to disregard, or recklessly disregarded, the probability that his conduct would cause Perla to suffer emotional distress.

28. Perla suffered and endured extreme and severe emotional distress that required her to seek medical and psychiatric treatment.

29. The conduct of defendant Chicago Police Officer Fuentes actually and proximately caused Perla Herrera's severe emotional distress.

**WHEREFORE**, Perla Herrera prays for judgment in her favor and against the defendant Hector Fuentes, and she seeks compensatory damages in excess of $50,000.00, punitive damages,[4] the costs of this action, and such other and further relief as the Court deems just.

---

[4] See footnote number 1.

10

## COUNT X – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – CITY OF CHICAGO

1-29. Plaintiff repeats and realleges paragraphs 1 through 29 of Count IX as though set forth verbatim herein.

30. In taking these actions, Chicago Police Officer Fuentes was acting in the course and scope of his employment with the City of Chicago.

31. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable when acting within the scope of their employment activities.

32. The City of Chicago is liable for the acts of its police officers while they are acting in the course and scope of their employment.

**WHEREFORE**, Perla Herrera prays for judgment in her favor and against defendant City of Chicago, and she seeks compensatory damages in excess of $50,000.00, the costs of this action, and such other and further relief as the Court deems just.

### JURY DEMAND

Perla Herrera hereby demands trial by jury.

**PERLA HERRERA**

By:  s/ Peter V. Bustamante
_____
Peter V. Bustamante

Attorney No. 70292
Peter V. Bustamante
17 North State St., Suite 1550
Chicago, Illinois 60602
(312) 346-2072
pvbust@bustamantelaw.com

11

## AFFIDAVIT

Pursuant to Supreme Court Rule 222, the undersigned hereby certifies, under section 1-109 of the Code of Civil Procedure, that the damages sought in the matter of *Herrera v. City of Chicago, et al.*, are in excess of $50,000.00.

s/ Peter V. Bustamante

By: _____

Peter V. Bustamante

## CERTIFICATE OF SERVICE

The undersigned certifies that he served the above and foregoing Second Amended Complaint upon:

Caroline Lam
Assistant Corporation Counsel
City of Chicago
30 North LaSalle Street – Suite 800
Chicago, Illinois 60602
caroline.lam@cityofchicago.org

Angela Huisingh
Assistant General Counsel
Board of Education of the City of Chicago
1 North Dearborn St - 9th Floor
Chicago, IL 60602
Email: arhuisingh@cps.edu

By email on November 14, 2017, before 5:00 p.m.

s/ Peter V. Bustamante

_____

Peter V. Bustamante

Attorney No. 70292
Peter V. Bustamante
17 North State St., Suite 1550
Chicago, Illinois 60602
(312) 346-2072
pvbust@bustamantelaw.com

12