**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PERLA HERRERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 8839 |
| | ) | |
| CITY OF CHICAGO and Chicago Police | ) | The Honorable Virginia M. Kendall |
| Officer HECTOR FUENTES, | ) | Judge Presiding |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTIONS *IN LIMINE* 1 THROUGH 16**

Plaintiff Perla Herrera, by her attorney, Peter V. Bustamante, prior to the selection of the jury in this case, respectfully moves this Honorable Court, *in limine*, to enter an order directing that all parties to this action, through their respective counsel, and the representatives of the parties, and the parties' counsel, and any witnesses called by the parties, to refrain from making any direct or indirect mention, whatsoever, at the trial, before the jury, of the matters hereinafter set forth, without first obtaining permission from this Court, outside the presence and hearing of the jury:

1.      Any reference as to how or from what sources, directly or indirectly, any judgment may be satisfied, except for sums claimed as punitive damages. At this time the Plaintiff has not decided whether she will ask for punitive damages. This will depend on how the evidence goes in. If punitive damages are requested, the defense should be limited to stating that Defendant Fuentes would have to pay punitive damages from his own sources, but that statement should not be expanded to include general damages. The sources for payment of a judgment are not relevant and should be barred. Fed.R.Evid. 401, 402; *Queen v. W.I.C.,* 2017 WL 4223950 *6 (S. D. Ill., 2017); *Austin v. Cook County,* 2012 WL 1530452 *3 (N.D. Ill.2012).

**Defendant's objections: Opposed unless Plaintiff waives punitive damages.**

1

2.      To bar any mention or inference that the Defendant may file for bankruptcy, is currently bankrupt, or unable to pay any judgment against him. This information is not relevant and should be barred. Even if punitive damages are assessed against the Defendant, these are not dischargeable in bankruptcy, so that such an argument or statement would not only be irrelevant but also false. Fed.R.Evid. 401, 402 *Adams Laboratories, Inc., v. Jacobs Engineering Co, Inc.,* 761 F. 2d 1218, 1225-26 (7th Cir. 1985).

**Defendant's objections: Opposed unless Plaintiff waives punitive damages.**

3.      That the court exclude all witnesses, other than the parties, during the trial of this case.  Fed. R. Evid. 615. The defense does not object to this motion if it is reciprocal and

**Defendant's objections: Agreed if mutual.**

Plaintiff agrees it should apply to both sides.

4.      To bar any argument or suggestion that the plaintiff failed to produce a witness or any other evidence. *Oxman v. WLS TV,* 12 F.3d 652, 661 (7th Cir. 652); *Austin,* 2012 WL 1530452 at *3).

**Defendant's objections: Opposed.**

5.      To bar any argument, statement, suggestion or implication that the plaintiff has manufactured evidence or that the plaintiff is hiding evidence. *Oxman,* 12 F 3d at 659-60.

**Defendant's objections: Opposed.**

6.      To bar any reference by the Defendant's witnesses that there is no "credible evidence" supporting the plaintiffs' claims.  This contention usurps the function of the jury. *Garrit v. City of Chicago,* 2022 WL 124554 at *10 (N. D. Ill.  2022) *Rivera v. Heck,* 2018 WL 4354949 at *5-7 (W.D. Wisc. 2018).

**Defendant's objections: Opposed.**

7.     That the Court allow Plaintiff to treat all non-Defendant Chicago police officers as hostile witnesses pursuant to Federal Rule of Evidence 611. *Ratcliff v. City of Chicago,* 2012 WL 7993412 at *1 (N.D. Ill. 2012); *Fields v. City of Chicago,* 2018 WL 1652093 at * 5 (N.D. Ill. 2018).

**Defendant's objections: Opposed.**

8.     That the Court provide jury instructions on the issues of excessive force and preponderance of the evidence standard before the parties' opening statements, in that they may substantially assist the jury's comprehension of the trial testimony. *Graham v. Connor,* 109 S. Ct. 1865, 1870-75 (1989); *Fields,* 2018 WL 1652093 at * 5; *see also* 7th Cir. Pattern Jury Instructions 7.21 and 7.26.

The Seventh Circuit American Jury Project found that providing jurors preliminary substantive jury instructions increases the jurors understanding of the case by giving the jurors the legal framework for the parties' arguments regarding the disputed facts and strongly recommends use of this procedure. (7th Cir. American Jury Project, Executive Summary, p. 13 (2008)

https://www.uscourts.gov/sites/default/files/seventh_circuit_american_jury_project_final_report.pdf).

**Defendant's objections: Defendants take no position but defer to the Court.**

9.     That the Court permit the jury to submit written questions to each witness following the witness' examination. The Seventh Circuit American Jury Project found that permitting jurors to submit questions for witnesses during trial helped their understanding of the facts, it does not reduce efficiency and strongly recommends use of this procedure. (7th Cir. American Jury Project, Executive Summary, p. 13 (2008)

https://www.uscourts.gov/sites/default/files/seventh_circuit_american_jury_project_final_report.pdf).

**Defendant's objections: Opposed.**

10.     To bar Defendant from introducing evidence or arguments that Defendant police officer would suffer negative consequences in his professional career due to the trial's outcome. Fed.R.Evid. 401, 402.

**Defendant's objections: Agreed.**

11.     To bar any reference by Defendant, particularly in closing argument, that plaintiff has asked for a greater amount of money than she actually expects to be awarded.

**Defendant's objections: Agreed.**

12.     To bar any reference by Defendant to or any argument that the Defendant's counsel is "shocked" by the plaintiff's damage request.

**Defendant's objections: Agreed.**

13.     That Defendant or his counsel refrain from requesting stipulations in the presence of the jury.  Any requests for stipulations should be made outside the presence of the jury.

**Defendant's objections: Agreed.**

14.     That Defendant be barred from presenting any opinion testimony by the Defendant or any witness called by the Defendant in connection with the reasonableness of the force used on plaintiff, or whether in their opinion the acts of the Defendant were justified. The Defendant has not disclosed any experts for use of force in this case. The objective reasonableness standard does not lend itself to opinion testimony.

Any opinion testimony on use of force by the defendant or his witnesses must be barred for failure to disclose opinion witnesses pursuant to Rule 26(a)(2). *Musser v. Gentiva Health*

*Services*, 356 F.3d 751, 756 (7th Cir. 2004) (all witnesses who are to give expert testimony must be disclosed under Rule 26(a)(2)(A)).

A police officer's opinion testimony about whether force is "reasonable" in an excessive force case, is inadmissible. *Thompson v. City of Chicago*, 472 F.3d 444, 457-58 (7th Cir. 2006). This is because the reasonableness of a police officer's actions regarding use of force turn on the particular facts and circumstances of the situation faced. *Id.* Accordingly, no party or witness should be permitted to provide opinion testimony at trial related to the reasonableness of the use of force in this case.

**Defendant's objections: Opposed.**

15.     That evidence of commendations, awards or honors conferred upon the Defendant be excluded because it is not relevant and is prejudicial. *Charles v. Cotter*, 867 F. Supp. 648, 659 (N.D. Ill. 1994).

Defendant's objections: Opposed unless Plaintiff waives punitive damages and agrees to Defendant's MIL 1.

16.     To bar defendant's expert Dr. Angelos Halaris for failure to comply with the disclosure requirements of Rule 26(a)(2)(B)(iv), (v) and (vi). All witnesses that are to give expert testimony must be disclosed under Rule 26(a)(2). *Musser v. Gentiva Health Services*, 356 F.3d 751, 756 (7th Cir. 2004). Plaintiff disclosed her expert on July 9, 2020. On August 17, 2021 and on October 1, 2021 the court amended the discovery schedule to allow for the deposition of the plaintiff's expert and disclosure of the defense expert. On June 15, 2022 the court gave the defendant until August 31, 2002 to make expert disclosures after the court was informed that the parties had agreed on a Rule 35 examination to take place on July 5, 2022. On September 2 and again on September 7, 2022 the time for defendant's disclosure was extended to September 7 and

September 14, 2022. On September 15, 2022, the defendant emailed a report prepared by Dr. Halaris. The report contains part of the disclosures required under Rule 26(a)(2)B but is missing other information required by the rule.

The missing information is: (a) a list of all publications authored in the previous 10 years; (b) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; (c) a statement of the compensation to be paid for the study and testimony in the case.

On October 6, 2022 this case was reassigned to Judge Kendall. On October 17, 2022, the parties filed a joint status report requesting 60 days to complete the deposition of the defendant's expert. On October 20, 2022, this Court set the case for trial on December 5, 2022, and allowed the plaintiff until November 21, 2022 to take Dr. Halaris' deposition. In reviewing Dr. Halaris' report, plaintiff's counsel discovered that defendant had failed to comply with Rule 26(a)(2)(B).

On November 3, 2022, plaintiff's counsel informed defense counsel that the plaintiff will seek to bar Dr. Halaris for failure to comply with the disclosure requirements of Rule 26(a)(2)(B). That same day, after defendant learned of plaintiff's intent to seek to bar Dr. Halaris, he made the disclosure required under Rule 26(a)(2)(B). This disclosure is untimely and prejudicial. The plaintiff does not have enough time to investigate, and review the publications, and other testimony by this witness. There is no justification for the incomplete disclosure made on September 15, 2022. The Court has discretion to determine if the defendant's failure was substantially justified or was harmless. *Mid-America v. Mogi*, 100 F.3d 1353, 1363 (7th Cir. 1996).

Courts tend to err on the side of exclusion. *Finley v. Marathon*, 75 F.3d 1225, 1229-30 (7th Cir. 1996) (excluding evidence which was late, holding exclusion is automatic and

mandatory unless party can show violation was either justified or harmless); *Scaggs v. Consolitated*, 6 F.3d 1290, 1295-6 (7th Cir. 1993)(barring evidence and testimony that was late).

The court considers (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) disruption to the trial; and (4) bad faith or willfulness in failing to disclose the evidence earlier. *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012); *Bronk v. Eneichen*, 54 F.3d 425, 432 (7th Cir. 1995) (involving expert).

The plaintiff will be severely prejudiced. The defendant requested and was granted additional time to complete expert witness disclosures. The deadline was extended two times. Yet on the date after the date the disclosure was due, only the expert's report was submitted. Although the expert listed his background information as part of the report, the defendant failed to provide other information required by Rule 26(a)(2)(B).

When the case was reassigned to this Court, the parties requested 60 days to complete expert discovery. On October 20, 2022 this court set the case for trial on December 5, 2022 and gave the plaintiff until November 21, 2022 to take the defendant's expert's deposition. Because the defendant's disclosure was incomplete, the plaintiff was deprived of information that could be used to test bias or prejudice or be used for impeachment.

The defendant cannot offer substantial justification for failing to comply with Rule 26 disclosure requirements.

**Defendant's objections: Opposed.**

**WHEREFORE**, plaintiff Perla Herrera respectfully requests this Court to enter an order directing the parties and their witnesses, through their respective counsel, and counsel individually, not to mention, refer to or interrogate concerning, or voluntarily answer, or attempt to convey before the jury, at any time during these proceedings, in any manner, either directly or indirectly,

the subject matters as stated above, without first informing the Court and obtaining permission of

the Court, outside the presence and hearing of the jury; and further, to instruct the parties and their

witnesses, through their respective counsel, and counsel individually, not to make any reference

or inference to the fact that this motion has been filed, argued or ruled upon by this Court, and

further that each respective counsel be instructed to advise, warn and caution each and every

witness appearing in their phase of this litigation to strictly comply with any order entered by the

court pursuant to plaintiff's motions *in limine*.

**PERLA HERRERA**

*s/ Peter V. Bustamante*

By: _____

Peter V. Bustamante

## CERTIFICATE OF SERVICE

The undersigned certifies that the above and foregoing was served, upon all counsel of

record through the Court's CM/ECF filing system on November 17, 2022.

*s/ Peter V. Bustamante*

_____

Peter V. Bustamante
17 North State Street - Suite 1550
Chicago, Illinois 60602
(312) 346-2072
pvbust@bustamantelaw.com