# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Perla Herrera, | ) |
| | ) Case No. 17 C 8839 |
| Plaintiff, | ) |
| | ) Honorable Judge Kendall |
| v. | ) |
| | ) Magistrate Judge Weisman |
| Chicago Police Officer | ) |
| Hector Fuentes, | ) |
| | ) |
| Defendant. | ) |

### (OPPOSED) DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL ARGUMENT IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE 28 AND A REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE 28.

NOW COMES Hector Fuentes, Defendant, by Michele McGee, Assistant Corporation Counsel Supervisor, and moves for leave to file a supplement to his motion and reply to Plaintiff's response to his Motion in Limine 28 and in support thereof states as follows:

Defendant Fuentes moved to bar Plaintiff from presenting argument or testimony regarding her arrest, detention or prosecution and any damages from such and to bar any testimony or argument that her arrest was without probable cause or unlawful. ECF 104 p. 11-13. Defendant's motion rests on Judge Norgle's ruling in 2019 which dismissed Plaintiff's malicious prosecution claim and made findings that Plaintiff's arrest was supported by probable cause. ECF 57. Plaintiff never moved to reconsider this ruling and Judge Norgle's order stands. ECF 57.

As such, Defendant Fuentes filed his Motion in Limine 28 on November 4, 2022 seeking to bar testimony or argument concerning (1) Plaintiff's arrest, detention, or prosecution including any purported damages there from; (2) that Officer Fuentes lacked probable cause to arrest

Plaintiff; (3) that her arrest or detention were in any way unlawful. On the day before the pretrial conference, Plaintiff filed a response in opposition to this motion. Plaintiff's response contained limited arguments but is summarized as: (1) Judge Norgle relied upon Plaintiff's deposition testimony in finding probable cause to arrest; (2) the reasonableness of the force depends on the circumstances Defendant Fuentes faced; and (3) Defendant Fuentes aggravated Plaintiff's PTSD by arresting her. At the pretrial conference, Plaintiff asserted that she seeks to admit evidence that she did not commit an assault occurred and after proving such intends to claim damages for her arrest and detention. This argument was not contained within Plaintiff's response.

As Plaintiff detailed, for the first time at the pretrial conference, an intent to challenge Judge Norgle's ruling by presenting evidence at trial, Defendants seek to file a brief which both replies to Plaintiff's written response and oral arguments made at the pretrial and supplements Defendant's motion based on the statements made by Plaintiff at the pretrial conference. Namely, Defendant Fuentes seeks to provide legal argument in support of his motion in limine to argue that Defendant Fuentes would be prejudiced by the presentation of evidence to challenge probable cause by Plaintiff, that Plaintiff waived any right to raise this issue by not acting timely and that probable cause existed. A copy of the supplement and reply which Defendant seeks leave to file is attached to this motion as Exhibit A.

Counsel for Defendant Fuentes spoke with counsel for Plaintiff by telephone on November 23, 2022 and Plaintiff objects to the filing of this motion.

**Wherefore,** Defendant Fuentes seeks leave to file a supplement and reply in support of his motion in limine 28 instanter.

DATED: November 23, 2022

Respectfully Submitted:

                                                                */s/ Michele McGee*
                                                                Assistant Corporation Counsel Supervisor

Jessica Griff, Assistant Corporation Counsel Supervisor
Michele McGee, Assistant Corporation Counsel Supervisor
Nicholas Perrone, Assistant Corporation Counsel
2 N. LaSalle, Ste. 420
Chicago, Illinois 60602
312-744-8311
Michele.mcgee@cityofchicago.org
Attorney No. 6225600
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that I filed the foregoing using the Court's electronic filing system. As a result, electronic copies of the filed document were served upon all counsel of record as well, on November 23, 2022.

*/s/ Michele McGee*