**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| Perla Herrera, | ) |
| | ) Case No. 17 C 8839 |
| Plaintiff, | ) |
| | ) Honorable Judge Kendall |
| v. | ) |
| | ) Magistrate Judge Weisman |
| Chicago Police Officer | ) |
| Hector Fuentes, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S SUPPLEMENTAL ARGUMENT IN SUPPORT OF DEFENDANT'S**
**MOTION IN LIMINE 28 AND REPLY TO PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S MOTION IN LIMINE 28.**

NOW COMES Hector Fuentes, Defendant, by Michele McGee, Assistant Corporation

Counsel Supervisor, and submits this supplement to his motion and a reply to Plaintiff's response

to his Motion in Limine 28 and in support thereof states as follows:

**Background:**

Defendant Fuentes moved to bar Plaintiff from presenting argument or testimony

regarding her arrest, detention or prosecution and any damages from such and to bar any

testimony or argument that her arrest was without probable cause or unlawful. ECF 104 p. 11-13.

Defendant's motion rests on Judge Norgle's ruling in 2019 which dismissed Plaintiff's malicious

prosecution claim and made findings that Plaintiff's arrest was supported by probable cause.

ECF 57. Plaintiff never moved to reconsider this ruling before Judge Norgle. Then on October

6, 2022, this case was reassigned to this Court. ECF 96. Since that time, Plaintiff has not moved

to reconsider Judge Norgle's ruling. Plaintiff has not sought to amend her complaint, Plaintiff

operative complaint has not sought to prosecute any claim based on probable cause since Judge

1

Norgle dismissed her malicious prosecution claim, therefore, Judge Norgle's order stands. ECF 57.

Defendant Fuentes filed his Motion in Limine 28 on November 4, 2022. On the day before the pretrial conference, November 21, 2022, Plaintiff filed a response in opposition to this motion. ECF 112 p. 6-7. At the pretrial conference, Plaintiff asserted that she seeks to admit evidence that no assault occurred and after proving such intends to claim damages for her arrest and detention. Defendant's motion should be granted as: (1) reviving a claim dismissed three years ago mid-trial significantly prejudices Defendant Fuentes; (2) Plaintiff waived any arguments to revive this claim; (3) probable cause existed as Plaintiff admitted to a battery.

## I.     Prejudice:

Reviving the malicious prosecution claim[1] at this stage severely prejudices Defendant Fuentes. Since Judge Norgle's 2019 order, much has occurred in this matter, including significant discovery which would have been affected by bringing back this claim and the damages that purportedly flow from it. Both sides have hired expert witnesses. Defendant took Plaintiff's expert's deposition. Defendant's expert conducted an independent medical evaluation of Plaintiff and issued a report. This case was then set for trial and Defendant Fuentes is actively preparing for such. Now, on the eve of trial, Plaintiff seeks to revive the claim of malicious prosecution, long dismissed, claiming solely that Judge Norgle got it wrong. Defendant engaged in expert discovery with the understanding that the malicious prosecution claim was dismissed. None of the remaining claims (excessive force, battery, assault, intentional infliction of emotional distress) involve any elements of probable cause or false arrest. Thus, Defendant

---

[1] Plaintiff's operative complaint does not bring any false arrest or unlawful detention claims. While Plaintiff's complaint and first amended complaint did allege false arrest, Plaintiff's operative complaint does not. Plaintiff has never brought an unlawful detention claims. As such, these claims are not pending before the Court.

Fuentes has proceeded for three years on the assumption that there was probable cause to arrest Plaintiff, that any issues of probable cause were long resolved and that probable cause would not be at issue at this trial for both liability and damages.

In light of the fact that Defendant Fuentes relied upon Judge Norgle's ruling, reviving the claim at this late junction severely prejudices Defendant Fuentes. See e.g., *Bell v. Taylor*, 827 F.3d 699, 705 (7th Cir. 2016). In *Bell* the Court denied a motion for leave to file a fourth amended complaint as such filing would prejudice the defendants by impacting the summary judgment schedule and creating a need for more discovery. See also, *Pine Top Receivables of Illinois, LLC v. Banco De Seguros Del Estado*, No. 12 C 6357, 2016 WL 4530175, at *3 (N.D. Ill. Aug. 30, 2016). While this case does not involve the filing of amended complaint, the situation is similar as Plaintiff attempts to infuse new legal theories into the upcoming trial. Had Defendant Fuentes known that probable cause was at issue in this trial, Defendant would have asked Plaintiff's expert different or additional questions. Namely, questions regarding whether the act of being arrested caused Plaintiff's mental illness or damages or whether Plaintiff's detention caused her mental illness or damages. Moreover, Defendant has retained an expert in this matter. This expert conducted an independent medical examination of Plaintiff with the understanding that the issues at trial involve the force used by Defendant Fuentes, not the fact that Plaintiff was arrested. This expert likely would have had additional questions for Plaintiff had he known that the arrest itself – not just the force – was at issue in this litigation.

The prejudice to Defendant Fuentes is made infinitely worse by Plaintiff's requests at the pretrial conference. Plaintiff seeks to illicit evidence about the assault that led to the finding of probable cause, not the assault Plaintiff claims in her complaint that Defendant Fuentes committed but an assault that Plaintiff committed on Defendant Fuentes. If, as Plaintiff claims,

the evidence shows that Plaintiff did not commit an assault, Plaintiff seeks to revive the malicious prosecution claim mid-trial and seek damages for Plaintiff's prosecution. Plaintiff's operative complaint fails to make any allegations of false arrest or unlawful detention and thus any motion to bar any references to her arrest being unlawful or without probable cause are undisputed as there are no claims for such. ECF 1-1. There could be no greater prejudice to a Defendant than to add a claim mid-trial long after the close of discovery, after witnesses are prepared, after witnesses have testified, after trial strategies are drafted, and after the defense frames the case for the jury in his opening statement. Allowing evidence that there was no probable cause to arrest Plaintiff or any claims and damages which flow from that severely prejudices Defendant Fuentes. As such, this evidence and argument should be barred.

## II.     Waiver:

Plaintiff has waived any arguments regarding probable cause and malicious prosecution by failing to timely raise a timely challenge to Judge Norgle's 2019 ruling. To this date, Plaintiff has never filed a motion to reconsider Judge Norgle's ruling which found probable cause and dismissed Plaintiff's malicious prosecution claim. When this case was reassigned to this Court on October 6, 2022, Plaintiff failed to bring this issue to the Court's attention. Nor did Plaintiff raise this issue at the October 20, 2022 status hearing. Thus, this order stands and Plaintiff has waived the right to challenge it ahead of the December 5, 2022 trial.

Moreover, even if the Court believes that Plaintiff could challenge this ruling on the eve of trial Plaintiff failed to properly raise any challenge to the ruling. As mentioned, Plaintiff has not filed a motion to reconsider. Nor did Plaintiff raise any motions in limine on this issue. Moreover, in Plaintiff's response to Defendant's Motion in Limine 28, fails to address the arguments which she made at the pretrial conference – namely that Judge Norgle was wrong and

the malicious prosecution claims should be revived. Instead Plaintiff argued: (1) that Judge Norgle ruled based on statements made in Plaintiff's deposition; (2) the reasonableness of the force depends on the circumstances Defendant Fuentes faced; (3) Defendant Fuentes aggravated Plaintiff's PTSD by arresting her. Nowhere in Plaintiff's response does she directly challenge the propriety of Judge Norgle's ruling—that there was no probable cause to arrest. Instead, at the pretrial conference Plaintiff stated an intention to illicit testimony to demonstrate a lack of probable cause for an assault and then to introduce evidence regarding Plaintiff's damages from the arrest. Moreover, as further evidence of waiver, Plaintiff failed to proffer any proposed jury instructions on the elements of malicious prosecution, including probable cause to the Court. Malicious prosecution was the only claim contained in Plaintiff's operative complaint in which the lack of probable cause was an element. The pending claims: excessive force, assault, battery and intentional infliction of emotional distress, all relate to the use of force against Plaintiff not to any purported lack of probable cause. Thus, Plaintiff failed to offer proposed instructions to guide the jury's analysis of this issue and therefore has waived the right to raise this. Moreover, Plaintiff has failed to include anything in the statement of the case or the proposed verdict form to reflect her intention to assert the arrest lacked probable cause. As Plaintiff failed to file any motions, responses or jury instructions on this issue, Plaintiff waived her right to present her claims that probable cause was lacking to the jury.

### III.     Probable Cause for Battery:

Even had Plaintiff timely raised her arguments that Judge Norgle was wrong regarding the assault that Plaintiff committed, probable cause to arrest exists as the evidence shows that Plaintiff battered Defendant Fuentes. The incident in question was partially captured on a cell phone video. Exhibit 1. While, due to the positioning of the lens, this video does not capture any

significant video it does capture statements made by Plaintiff and Defendant Fuentes during the incident. During the incident Plaintiff repeatedly admitted to a battery first when informed by Defendant Fuentes that she hit a police officer she stated "you hit me first." Exhibit 1, 00:29. Later in the incident she stated "he pushed me and I smacked him who does he think he is." Exhibit 1, 3:35. Later, Plaintiff expressed remorse for her conduct, telling Defendant Fuentes "I'm so sorry." Exhibit 1, 10:00.

Here Plaintiff was charged with battery as it is alleged that she made physical contact of an insulting or provoking nature with Defendant Fuentes. 720 ILCS 5/12-3(a)(2). Plaintiff admitted to a battery and probable cause to arrest Plaintiff existed based on her own statements and admissions. The existence of probable cause is an absolute bar to any claims of false arrest and malicious prosecution. *Holmes v. Vill. of Hoffman Est.,* 511 F.3d 673, 680 (7th Cir. 2007) (Probable cause to arrest for committing a would also defeat the state-law claim for malicious prosecution insofar as the claim might have been based on that particular battery charge.); citing *Morfin v. City of E. Chicago*, 349 F. 3d 989, 997 (7th Cir 2003). Thus, had Plaintiff timely moved to reconsider Judge Norgle's ruling, the outcome would be the same—Plaintiff's malicious prosecution claims fails. As such, the finding of probable cause and the granting of summary judgment in favor of Defendant on the malicious prosecution claim was proper. Therefore, Defendant's Motion in Limine 28 should be granted.

Wherefore, for the reasons above and contained in Defendant's Motion in Limine 28 (ECF 104 p. 11-13), Defendant Fuentes moves to o bar Plaintiff from testimony or argument concerning her arrest, detention, or prosecution including any purported damages there from or that Officer Fuentes lacked probable cause to arrest Plaintiff, or that her arrest or detention were in any way unlawful, as these claims have been decided by the Court.

DATED: November 28, 2022

Respectfully Submitted:
*/s/ Michele McGee*
Assistant Corporation Counsel Supervisor

Jessica Griff, Assistant Corporation Counsel Supervisor
Michele McGee, Assistant Corporation Counsel Supervisor
Nicholas Perrone, Assistant Corporation Counsel
2 N. LaSalle, Ste. 420
Chicago, Illinois 60602
312-744-8311
Michele.mcgee@cityofchicago.org
Attorney No. 6225600
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that I filed the foregoing using the Court's electronic filing system. As a result, electronic copies of the filed document were served upon all counsel of record as well, on November 28, 2022.

*/s/ Michele McGee*