**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PERLA HERRERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 8839 |
| | ) | |
| CITY OF CHICAGO and Chicago Police | ) | The Honorable Virginia M. Kendall |
| Officer HECTOR FUENTES, | ) | Judge Presiding |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM REGARDING ISSUES RAISED
BY THE COURT ON PROBABLE CAUSE AND MALICIOUS PROSECUTION**

Plaintiff, by her attorneys, states:

The Court informed the parties that she had an opportunity to review the defendants' motion for summary judgment and Judge Norgle's ruling. The Court raised the question of whether the plaintiff knew if Defendant Fuentes was a police officer, and whether it was Fuentes who arrested the plaintiff.

At deposition, the plaintiff testified that she did not know Fuentes was a police officer when she approached him. Fuentes identified himself as a police officer only after he grabbed plaintiff and started pushing her.[1]

In the answer to the second amended complaint, the defendants admitted the following:

**18.** When the Chicago police officers arrived, Fuentes identified himself as a police officer to them and told them that Perla had struck him. The Chicago police arrested Perla and took her to the police station.

---

[1] This does not bring into question whether Fuentes was acting under color of state law. See *Coles v. City of Chicago,* 361 F.Supp.2d 740, 743 (N.D. Ill. 2005); *McCoughan v. City of Springfield,* 172 F.Supp.2d 1009, 1015 (C.D. Ill. 2001); *Kindred v. Hilt-Dyson,* 1995 WL 250417 at \*3 (N.D. Ill. 1995); *Wyatt v. City of Chicago,* 815 F. Supp. 1259, 1265-66 (N.D. Ill. 1993).

1

**ANSWER:** Defendant Fuentes and, upon information and belief, the City admit the allegations contained in this paragraph.

Defendant Fuentes was not the arresting officer. Instead, Defendant Fuentes was a complaining witness. As a complaining witness, Fuentes told the arresting officer his side of the story. As a complaining witness, Fuentes was not the person to determine probable cause for the arrest. That was up to the arresting officer. Fuentes signed a criminal complaint against Perla claiming simple battery; he did not claim "assault." Therefore, any analysis of Fuentes' actions must be done, not as the arresting officer. Instead, it must be done regarding the veracity of what he told the arresting officer. Indeed, there is no claim here against the officer who arrested Perla.

In his order granting summary judgment, however, Judge Norgle used the probable cause analysis for police officers who **arrest** or **charge** a person, (Doc. 57, p. 6, citing *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) and *Fitzgerald v. Santoro*, 707 F.3d 725, 732 (7th Cir. 2013)). That is not at all the analysis used for a complaining witness regarding probable cause.

Instead, in malicious prosecution, the probable cause analysis is charge-specific. *Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007); *Gvozden v. Mill Run Tours, Inc.,* 2016 WL 930514, *2 (N.D. Ill. 3-11-2026). A complaining witness does not arrest, instead, he or she causes someone to be arrested based on his or her statements. Where those statements are false, that complaining witness cannot escape liability by claiming that he or she could have claimed other causes for the arrest. *See, Serrano v. Guevara*, 2020 WL 3000284, *21 (N.D. Ill. 6-4-2020); *Fields v. City of Chicago*, 2014 WL 477394, *12 (N.D. Ill. 2-6-2014). Thus, Judge Norgle's ruling was based upon facts that were not presented to him. That ruling was factually erroneous and Judge Norgle, therefore, analyzed the malicious prosecution claim under a factually and legally erroneous standard.

Accordingly, the Court should allow the plaintiff's case for malicious prosecution to proceed.

**In her Second Amended Complaint, the Plaintiff Sufficiently Pled a Claim for Malicious Prosecution**

The elements of malicious prosecution in Illinois are (1) commencement of criminal proceedings by the defendant; (2) termination of that matter in favor of the plaintiff; (3) the absence of probable cause for the proceedings; (4) the presence of malice; and (5) resulting damages." *Williams v. City of Chicago,* 733 F.3d 749, 759 (7th Cir.2013).

The question of probable cause will revolve around whom the jury believes. Thus it is a question of fact. *Lyons v. Kanter*, 285 Ill. 336, 341 (1918) (The question of probable cause is one of fact, to be determined from the evidence, without regard to the finding of the examining magistrate.); *Burghardt v. Remiyac*, 207 Ill.App.3d 402, 406 (2nd Dist. 1991)(a criminal court's preliminary hearing finding of probable cause is not determinative on the question of probable cause); *Pease v. Int'l Union of Operating Engineers Local 150*, 208 Ill.App.3d 863, 876 (2nd Dist. 1991) (criminal court finding of probable cause not conclusive in subsequent civil proceedings).

Whether there was a favorable termination of the proceedings is also a question of fact to be decided by the jury. *McDade v. Stacker*, 106 Fed.Appx. 471 (7th Cir. 2004). Also, Illinois does not require proof of termination in a "manner indicative of innocence." *Beaman v. Freesmeyer*, 2019 IL 122654, ¶26 (To state a cause of action for the tort of malicious prosecution, the plaintiff must prove… (2) the termination of the proceeding in favor of the plaintiff….”); *Swick v. Liautaud*, 169 Ill.2d 504, 512 (1996) (“In order to establish a malicious prosecution action, the plaintiff must allege…(2) the termination of the proceeding in favor of the plaintiff….”).

3

The plaintiff alleged sufficient facts that indicate that the termination of the criminal proceedings against her were in her favor, to wit:

23.     The criminal complaint against Perla was scheduled for hearing on March 14, 2016. Fuentes, the complaining witness, did not appear at that hearing and the case was continued to March 28, 2016.

24.     On March 28, 2016, the criminal complaint against Perla was again called for hearing.  Fuentes, the complaining witness, again did not appear at that hearing and the case was stricken on leave to reinstate.  Perla made a demand for immediate trial, starting the 160-day period to reinstate the criminal case pursuant to the Speedy Trial Act, 725 ILCS 5/103-5.

In *Swick v. Liautaud*, 169 Ill.2d 504, 513 (1996) the Illinois Supreme Court stated that the burden of proof to establish a favorable termination remains with the plaintiff, and only when a plaintiff establishes that a *nolle prosequi* was entered for reasons consistent with his innocence, does the plaintiff meet his burden of proof. In this context, "consistent with innocence" means that the termination of the proceedings against the plaintiff did not come about as a result of an agreement, compromise or deal to avoid prosecution. *Joiner v. Benton Community Bank*, 82 Ill.2d 40, 45 (1980) (Only where the dismissal of a criminal charge is procured, or agreed to, by a plaintiff in a manner which leaves the question of a favorable termination unresolved*,* the plaintiff may not bring a malicious prosecution action based upon those criminal charges).

After Fuentes failed to appear in court on two occasions, the Cook County State's Attorney made a motion to strike the case from the call with leave to reinstate ("SOL"). Perla made an immediate demand for trial, which started the Speedy Trial Act time for reinstatement. The case was never reinstated. The proceedings against Perla were terminated when the case was not reinstated within the time required by the Speedy Trial Act.

An adjudication and acquittal on the *merits* in a criminal proceeding is not necessary to maintain an action for malicious prosecution. *Rich v. Baldwin* 133 Ill.App.3d 712, 714, (1985).

Plaintiffs have been permitted to maintain actions for malicious prosecution under the following circumstances:

- Dismissal of underlying criminal charge upon failure of the grand jury to return a true bill. *Gilbert v. Emmons* 42 Ill. 146, 150-51(1866);

- Dismissal of underlying criminal charge on speedy-trial grounds. *Rich v. Baldwin*, 133 Ill.App.3d 712, 719 (5th Dist. 1985);

- Dismissal of underlying criminal charge on the motion of the prosecutor. *Reell v. Petritz*, 224 Ill .App. 65, 76 (2nd Dist.1922);

- Dismissal of underlying criminal charge by justice of the peace upon failure of the complaining witness to appear. *Farris v. Messimore*, 219 Ill. App. 582, 587 (3rd Dist.1920).

The element of malice is also an issue for the trier of fact. *Frye v. O'Neill*, 166 Ill. App. 3d. 963, 977-78 (Ill. App. 1988). A jury is entitled to find that the defendant made false statements upon which a criminal complaint was filed under his sworn statement. Further, a trier of fact may infer malice from the absence of probable cause. *Salmen v. Kamberos*, 206 Ill. App. 3d 686, 691 (1st Dist. 1990).

That the proceeding was terminated in a manner favorable to the plaintiff has been pleaded by the plaintiff, and will be proven by the plaintiff at trial. As required by *Swick v. Liautaud*, 169 Ill.2d 504 (1996), the plaintiff will prove that defendant procured her arrest. The plaintiff will prove that the defendant, as a complaining witness, acted without probable cause; that is, he did not have an honest belief that Perla committed the offense charged. And, the plaintiff will prove that the defendant instituted the criminal complaint maliciously.

**WHEREFORE**, Perla Herrera prays that this Honorable Court reconsider the grant of summary judgment on the plaintiff's malicious prosecution claim.

**PERLA HERRERA**

s/     *Peter V. Bustamante*

_____

Peter V. Bustamante
Claudia E. Sainsot
17 North State Street - Suite 1550
Chicago, Illinois 60602
(312) 346-2072
pvbust@bustamantelaw.com
cesainsot@sbcglobal.net

## CERTIFICATE OF SERVICE

The undersigned certifies that the above and foregoing was served, upon all counsel of record through the Court's CM/ECF filing system on December 1, 2022.

*s/ Peter V. Bustamante*

_____

Peter V. Bustamante
Claudia E. Sainsot
17 North State Street
Suite 1550
Chicago, Illinois 60602
(312) 346-2072
pvbust@bustamantelaw.com
cesainsot@sbcglobal.net