**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PERLA HERRERA, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) No. 17 C 8839 |
| | ) |
| CHICAGO POLICE OFFICER | ) Judge Virginia M. Kendall |
| HECTOR FUENTES, | ) |
| | ) |
| *Defendant.* | ) |

**ORDER**

Before the Court is Defendant's Motion *in Limine* Number 28 to bar the Plaintiff from any testimony or argument concerning her arrest, detention, or prosecution including any purported damages there from or that Officer Fuentes lacked probable cause to arrest Plaintiff, or that her arrest or detention were in any way unlawful, as these claims have been decided by the Court already. (Dkt. 104 at 11–13). For the reasons given below, Defendant's motion is granted.

**STATEMENT**

### I.   Background

The underlying facts of the case are detailed in the order on the motion for summary judgment. (Dkt. 57). While driving past Hernandez Middle School, Perla Herrera observed cars parking in an alley and children "trying to squeeze through the alley." (*Id*. at 2). Herrera recorded her observations and approached a group of individuals, including Hector Fuentes, an off-duty City of Chicago Police Officer and part-time security guard for Chicago Public Schools, to "show [her video to] the people with the yellow jackets, the Safe Haven people." (*Id*. at 2; Dkt. 48, Ex. A at 45). A physical altercation followed, and ultimately Fuentes arrested Herrera, and separate Chicago police officers arrived at the scene and transported Herrera to the police station. (Dkt. 57 at 3–4).

Plaintiff removed this case to federal court on December 8, 2017 on claims of assault, battery, malicious prosecution, intentional infliction of emotional distress, and violation of her federal civil rights. (Dkt. 1 Ex. A). On November 20, 2019, Judge Norgle issued a memorandum opinion and order on Defendant's motion for partial summary judgment, granting in part and denying in part the motion. (Dkt. 57). Judge Norgle denied the motion with respect to the claims against Fuentes for excessive force, assault, battery, and intentional infliction of emotional distress. (*Id*.). Judge Norgle granted summary judgment on all claims against the City of Chicago and on the claim for malicious prosecution brought against Defendant Fuentes. (*Id*.). Judge Norgle wrote:

1

Here, taking only the undisputed facts and Herrera's own description of the incident, the Court finds that Fuentes had probable cause to arrest Herrera. Importantly, Herrera herself described making a gesture at Fuentes that a reasonable officer could have interpreted as assault, disorderly conduct, or another misdemeanor. As she explained:

> "He started swearing at me and saying that I'm-you come at me to smack me? What the hell? No. I said I'm trying to show you something. I said, if I wanted to smack you, and then I put my elbow like this (demonstrating), and then I said I would do. And then when I went to like this way (indicating), that's when he grabbed me and attacked me." Dkt. 48, Ex. A at 55.

> "When he said that I hit him and I said, no. If I wanted to hit you I would have did something like this (demonstrating). And then he grabbed my hands and, what the heck?" Dkt. 48, Ex. A at 97.

This textual record alone does not paint a complete picture of Herrera's gesture. Her own words, however, indicate that her gesture could have been interpreted as being threatening and reveal that Fuentes grabbed Plaintiffs hands in response to that gesture.

(Doc. 57 at 8).

On October 6, 2022, the case was reassigned to this Court. (Dkt. 96). Now, Defendant moves *in limine* to bar any testimony or argument concerning Plaintiff's arrest, detention, or prosecution or that Defendant lacked probable cause to arrest Plaintiff or that her arrest or detention were at all unlawful. (Dkt. 104 at 11–13). At the pretrial conference, Plaintiff called into question Judge Norgle's prior ruling for the first time, less than two weeks before trial. Over three years have passed since Judge Norgle's order on the motion for summary judgment, and Plaintiff has never moved for reconsideration. Even after the case was reassigned to this Court, Plaintiff did not move for reconsideration, nor did she elevate any concerns when appearing at the status hearing on October 20, 2022. In fact, the Court first considered this issue because of Defendant's motion *in limine*. Plaintiff did not raise the issue in her own motions *in limine*, nor did she question the previous finding in her response to Defendant's motion *in limine*. Plaintiff addressed the issue exclusively at the final pretrial conference. To date, Plaintiff still has not moved for reconsideration.

Now the Court is asked to consider not only the question of barring certain testimony or argument, but also to reconsider the prior finding of probable cause and granting of summary judgment on the claim of malicious prosecution against Defendant Fuentes.

## II. Discussion

For over three years, Plaintiff failed to raise the issue of reconsideration of Judge Norgle's order on the motion for summary judgment and even now only spoke about the issue in the final pretrial conference without ever explicitly moving for reconsideration. In her proposed jury instructions, she puts forth no proposals related to malicious prosecution or probable cause. The same is true of her proposed statement of the case and proposed verdict form.

To revisit the issue at this stage in the proceedings would prejudice the Defendant. Expert discovery took place after the decision on the motion for summary judgment, and the parties have fully prepared for trial for over three years with the understanding that the issue of probable cause was decided and would not arise at trial. A Court does not need to allow a party to amend a complaint "when there is undue delay [or] undue prejudice to the opposing party." *Bell v. Taylor*, 827 F.3d 699, 705 (7th Cir. 2016) (citing *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001)). Here, ultimately, Plaintiff seeks to revive the claim of malicious prosecution three years after Judge Norgle decided the issue. To reconsider the prior ruling on probable cause and admit the claim of malicious prosecution at this stage would severely prejudice the Defendant.

Furthermore, the finding of probable cause and granting of summary judgment on the claim of malicious prosecution are supported. Probable cause is an absolute bar to any claims of malicious prosecution. *Holmes v. Village of Hoffman Estate*, 511 F.3d 673, 681–82 (7th Cir. 2007). Officer Fuentes arrested Plaintiff and later signed a criminal complaint against her for the charge of misdemeanor battery. (Dkt. 57 at 4). Plaintiff now claims that Defendant Fuentes was not the arresting officer, pointing to Defendant's answer to the complaint admitting that "The Chicago police arrested Perla and took her to the police station." (Dkt. 125 at 1–2). However, Plaintiff already admitted as an undisputed fact that Defendant Fuentes was the arresting officer, which is supported by Defendant's deposition testimony and does not contradict Defendant's answer to the complaint. (Dkt. 52 ¶ 7; Dkt. 48 Ex. A at 46).

While Plaintiff is correct that probable cause must be charge-specific to bar a claim of malicious prosecution, the facts support a finding of probable cause for battery. *Holmes*, 511 F.3d at 682. While the parties now dispute whether Plaintiff ultimately hit Fuentes, her statements in a contemporaneous video recording from the incident provide adequate support for a finding of probable cause of battery by Officer Fuentes. Plaintiff stated, "He pushed me, and I smacked him. Who does he think he is?" (Dkt. 119 Ex. 1 at 3:35). At another point in the video, Plaintiff states, "He pushed me, and I just pushed him." (*Id*. at 5:54). Plaintiff admitted in the moment to making "physical contact of an insulting or provoking nature" with Officer Fuentes, providing support for an arrest and charge of battery. 720 ILCS 5/12-3. Any argument of self-defense might serve as an affirmative defense but would not defeat a finding of probable cause. 720 ILCS 5/7-1(a); *See Johnson v. Hondo, Inc.*, 125 F.3d 408, 416 (7th Cir. 1997).

This Court will not reconsider the prior holding on probable cause. The Court advises the parties not to raise the issue of probable cause as it is not relevant to any of the remaining claims and will advise the jury that the issue of probable cause is not before them. Defendant's Motion *in Limine* Number 28 [104 at 11–13] is granted.

Virginia M. Kendall
United States District Judge

Date: December 2, 2022