**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PERLA HERRERA,

     *Plaintiff,*

     v.

HECTOR FUENTES,

     *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)

No.  17 C 8839

Judge Virginia M. Kendall

<u>**INSTRUCTIONS TO THE JURY**</u>

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy/prejudice /fear/public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

During the trial, certain testimony was presented to you by video. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Defendant Fuentes is being sued as an individual. Neither the Chicago Police Department nor the City of Chicago is a party to this lawsuit.

In this case, Plaintiff, Perla Herrera, has asserted claims under federal law and Illinois state law.  Each of these claims must be considered by you separately.

First, Plaintiff claims that the Defendant used excessive force against her.

Second, Plaintiff claims that the Defendant committed a battery against her.

Third, Plaintiff claims that Defendant Fuentes intentionally inflicted emotional distress on her.

Defendant denies all of these claims.

Plaintiff claims that Defendant used excessive force against him. To succeed on this claim, Plaintiff must prove each of the following two things by a preponderance of the evidence:

1. Defendant used unreasonable force against Plaintiff.

2. Plaintiff was injured.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If on the other hand, you find that Plaintiff did not prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

In deciding whether Defendant used unreasonable force, you should consider all of the circumstances. Circumstances you may consider include the need for the use of force, the relationship between the need for the use of force and the amount of force used, the extent of the plaintiff's injury, any efforts made by the defendant to temper or limit the amount of force, the severity of the crime at issue, the threat reasonably perceived by the officer, and whether the plaintiff was actively resisting arrest or was attempting to evade arrest by fleeing, but you are not limited to these circumstances.

You must decide whether Defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant faced. You must make this decision based on what the officer knew at the time of the use of force, not based on matters learned after the use of force. In deciding whether Defendant's use of force was unreasonable, you must not consider whether Defendant's intentions were good or bad.

A peace officer need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he reasonably believes to be necessary to affect the arrest or to defend himself from bodily harm while making the arrest.

In this case Plaintiff claims that Defendant Fuentes committed a battery against her. To succeed on this claim, Plaintiff must prove each of the following three elements by a preponderance of the evidence:

1. That Defendant Fuentes knowingly, intentionally and without legal justification made physical contact with Plaintiff;

2. That said contact was harmful, or of an insulting or provoking nature;

3. That the plaintiff was injured.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence against Defendant Fuentes, then you should find for Plaintiff and against Defendant Fuentes, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove each of these things by a preponderance of the evidence against Defendant Fuentes you are considering, then you should find for Defendant Fuentes and against Plaintiff, and you will not consider the question of damages.

Plaintiff claims that Defendant Fuentes intentionally inflicted emotional distress upon her in violation of Illinois state law. To succeed on a claim of intentional infliction of emotional distress, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence against Defendant Fuentes:

First, that Defendant Fuentes's conduct was extreme and outrageous.

Second, that Defendant Fuentes intended to inflict severe emotional distress, or knew there was a high probability that his conduct would cause such distress.

Third, whether Defendant Fuentes's conduct, in fact, caused the plaintiff to suffer severe emotional distress.

If you find from your consideration of all the evidence that each of these propositions have been proven by a preponderance of the evidence against Defendant Fuentes, then your verdict should be for Plaintiff and against Defendant Fuentes. However, if you find from your consideration that any of these propositions has not been proven by a preponderance of the evidence against Defendant Fuentes, then your verdict should be in favor of Defendant Fuentes.

When I use the expression "extreme and outrageous conduct," I mean that the nature of Defendant Fuentes's conduct must be so extreme as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized community. Mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities do not amount to extreme and outrageous conduct. You may also consider the level of authority that Defendant Fuentes had over Plaintiff and may factor in Defendant Fuentes's ability to explicitly or implicitly threaten to exercise that authority over Plaintiff. However, in doing so, you must also consider whether Defendant Fuentes believed that his objective was legitimate.

When I use the expression "severe emotional distress," I mean that the emotional stress is so severe or extreme that no reasonable person could be expected to endure it. The intensity and duration of the emotional distress are factors to be considered when determining severity.

If you decide for Defendant Fuentes on the question of liability, then you should not consider the question of damages.

If you find in favor of Plaintiff on one or more of Plaintiff's claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find she sustained as a direct result of Defendant Fuentes's actions. Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and mental and emotional pain and suffering and loss of a normal life that Plaintiff has experienced. No evidence of the dollar value of physical or mental and emotional pain and suffering  or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury she has sustained.

If you decide for the plaintiff, you may not deny or limit the plaintiff's right to damages resulting from this occurrence because any injury resulted from an aggravation of a pre-existing condition or a pre-existing condition which rendered the plaintiff more susceptible to injury.

If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.

When I use the expression "loss of a normal life", I mean the temporary or permanent diminished ability to enjoy life. This includes a person's inability to pursue the pleasurable aspects of life.

In fixing the amount of money which will reasonably and fairly compensate the plaintiff, you are to consider that an injured person must exercise ordinary care to obtain medical treatment. Damages proximately caused by a failure to exercise such care cannot be recovered.

When I use the expression "proximate cause," I mean a cause that in the natural or ordinary course of events, produced the plaintiff's injury.

Whether there was probable cause to arrest or prosecute the plaintiff is not a consideration of yours in this case and should not come into your deliberations. When considering damages, if any, you should consider damages from excessive force, battery, and intentional infliction of emotional distress only.

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- Defendant's financial condition;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.