IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Perla Herrera, | ) |
| | ) Case No. 17 C 8839 |
| Plaintiff, | ) |
| | ) Honorable Judge Kendall |
| v. | ) |
| | ) Magistrate Judge Weisman |
| Chicago Police Officer | ) |
| Hector Fuentes, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MEMORANDUM
### IN SUPPORT OF HIS BILL OF COSTS

Defendant Hector Fuentes by one of his attorneys, Michele McGee, Assistant Corporation Counsel Supervisor, hereby submit this Memorandum in Support of Their Bill of Costs:

On December 10, 2022, at the conclusion of the jury trial, this Court entered judgment against the Plaintiff and in favor of Defendant on all federal claims. ECF 137. Defendant is entitled to recover any costs that he reasonably and necessarily incurred in the defense of this lawsuit under Federal Rule of Civil Procedure 54(d), Northern District of Illinois Local Rule 54.1, and 28 U.S.C. 1290. Defendant seeks a total award of $6,883.21in costs. *See* Exhibit A, Defendant's Bill of Costs and Exhibit B, Itemization of Fees and Costs.

### STANDARD FOR AWARDING COSTS

Federal Rule of Civil Procedure 54(d) provides that "costs--other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 creates a strong presumption that the prevailing party will recover costs. *See Park v. City of Chicago*, 297 F. 3d 606, 617 (7th Cir. 2002). Furthermore, "the losing party bears the burden of an affirmative showing

1

that taxed costs are not appropriate." *See Beamon v. Marshall & Ilsley Trust Co.*, 411 F. 3d 854, 864 (7th Cir. 2005).

Under 28 U.S.C. § 1920, the following types of costs may be recovered: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; [and] (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920. A cost must be both reasonable and necessary to the litigation for a prevailing party to recover it. *See Little v. Mitsubishi Motors North America, Inc.*, 514 F. 3d 699 (7th Cir. 2008). A district court's discretion under Rule 54 is "narrowly confined" in that it "must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F. 3d 926, 945 (7th Cir. 1997).

**ARGUMENT**

**A. Fees for Service of Summons and Subpoenas**

Subpoena fees are authorized under 28 U.S.C. § 1920(1). *See* 28 U.S.C. § 1920(1); *Fabiyi v. McDonald's Corporation*, 2014 WL 2819007, at *2 (N.D. Ill. June 23, 2014) (costs related to service of subpoenas are recoverable under Section 1920(1)). Moreover, costs related to subpoenaing medical records may be recovered under this Section. *See Chavez v. Guerrero*, No. 06 C 2180, 2014 WL 7212961, 4 (N.D. Ill. Dec. 16, 2014). However, the costs must be reasonable and necessary and "not exceed the U.S. Marshal's rate at the time process was served." *Fabiyi*, 2014 WL 2819007, at *2. Here, Defendant incurred costs serving Keith Glover, Jenny Lemus and Herlinda Martinez with trial subpoenas and Jenny Lemus and Leah Shafer with deposition subpoenas. *See* Exhibit B. LaSalle Process served Herlinda Martinzez and Keith Glover and then also served Jenny Lemus for a total amount of $590.00. Keith Glover, Jenny Lemus and Herlinda

Martinez each appeared and testified at trial. Defendant is therefore entitled to recover the costs for these items.

### B. Fees for Printed or Electronically Recorded Transcripts

Pursuant to 28 U.S.C. 1920(2), Defendant seeks reimbursement for $3,878.95 in deposition transcripts. *See* Exhibit B. To determine whether certain deposition transcript costs are recoverable, a court should consider whether the individual's deposition was "reasonably necessary to the case at the time it was taken." *Cengr v. Fusibond Piping Systems, Inc*., 135 F. 3d 445, 455 (7th Cir. 1998). Furthermore, it is not necessary that a deposition be relied upon in a summary judgment motion or that a witness testify at trial in order for the costs to be recoverable.

In this case, the cost of the deposition transcripts of witnesses that Defendant seeks to recover was reasonably necessary to his defense of the case at the time that the costs were incurred. Defendant took the deposition of Plaintiff and the recoverable amount of the deposition and exhibits was $830.45. In addition, Defendant conducted or ordered deposition and court transcripts that were necessary to defend their case, including Plaintiff's treating experts and Plaintiff's retained expert Hector Machabanski. *See* Exhibit B. Dr. Machabanski's deposition took place over the course of two dates due to issues which arose with Dr. Machabanski's schedule. Each of the deposed witnesses testified at the trial. In addition, Defendant also ordered the transcript from the pre-trial conference in order to prepare for the trial. Defendant is entitled to recovery of the costs associated with these depositions and transcripts, $3,878.95.

### C. Exemplification Costs for Multimedia Trial Exhibits

Under 28 U.S.C. § 1920(4), the prevailing party may recover "fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the

case." 28 U.S.C. § 1920(4). Furthermore, "copies attributable to discovery and copies of pleadings, motions, and memoranda submitted to the court" are recoverable under Section 1920(4), while "copies made solely for the convenience of counsel" are not. *Wells v. Johnson*, 2012 WL 3245955, at *1 (N.D. Ill. Aug. 6, 2012). Costs associated with the preparation of exhibits are recoverable as exemplification costs. *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000) ("so long as the means of presentation furthers the illustrative purpose of an exhibit, we believe it is potentially compensable as exemplification.") Costs for exhibits are recoverable when the exhibits were reasonable and necessary. *Lewis v. City of Chicago,* No. 04 C 6050, 2012 WL 6720411, at *10 (N.D. Ill. Dec. 21, 2012).

Defendant seeks a total amount of $1622.50 for his trial exhibits as exemplification and copying costs**.** *See* Exhibit B. This amount consists of the cost to convert the school surveillance videos to a digital format playable in VLC software in order to present the videos to the jury at trial. The converted files were provided to Plaintiff and both Plaintiff and Defendant used these exhibits extensively at trial in this matter. Plaintiff's Exhibit 2, Camera 3 and Camera 4; Defendant's Exhibit B, Camera 3 and Camera 4. These exhibits were used during Defendant's closing argument as well as with both several witness during their testimony. The conversion of the videos to exhibits was both reasonable and necessary. As such the full cost from Magna Legal Services should be award to Defendant as a cost.

### D. Fees Paid to the Clerk

As a prevailing party, Defendant is permitted to recover fee paid to the clerk. 28 U.S.C. 1920(1). In this matter, Defendant paid $400 to the Clerk as a removal fee. This cost is recoverable and should be taxed on Plaintiff.

### CONCLUSION

**WHEREFORE**, Defendant, in accordance with Federal Rule of Civil Procedure 54(d), Local Rule 54.1, and 28 U.S.C. § 1920, seeks to be reimbursed for the reasonable and necessary costs incurred in the defense of Plaintiff's unsuccessful federal lawsuit. Defendant respectfully requests that the costs set forth in their Bill of Costs, for $ 6,883.21 to be taxed against Plaintiff.

Respectfully submitted,

/s/*Michele McGee*
Assistant Corporation Counsel Supervisor

Michele McGee, Assistant Corporation Counsel Supervisor
Jessica Griff, Chief Assistant Corporation Counsel
Nicholas Perrone, Corporation Counsel
2 N. LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-8311
Attorney No. 6225600
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2023, I electronically filed the foregoing **DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS BILL OF COSTS** with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Michele McGee*
Assistant Corporation Counsel Supervisor