IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Perla Herrera, | ) |
| | ) Case No. 17 C 8839 |
| Plaintiff, | ) |
| | ) Honorable Judge Kendall |
| v. | ) |
| | ) Magistrate Judge Weisman |
| Chicago Police Officer | ) |
| Hector Fuentes, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR A NEW TRIAL**

NOW COMES Hector Fuentes, Defendant, by Michele McGee, Assistant Corporation Counsel Supervisor, and submits his response to Plaintiff's Motion for a New Trial.

**STANDARD OF REVIEW**

Plaintiff moves under Rules 50 and 59 for a new trial. ECF 141; Fed. R. Civ. Pro. 50, 59. A new trial may be granted only when a verdict is against the clear weight of the evidence or when trial was unfair to the moving party. *David v. Caterpillar, Inc*., 324 F.3d 851, 863 (7th Cir. 2003). "[T]he new-trial standard is tough to satisfy, because generally 'the district court is bound to the same evidence the jury considered.'" *Sanchez v. Chicago*, No. 12 C 06347, 2016 WL 4905672, at *3 (N.D. Ill. Sept. 15, 2016), aff'd sub nom. *Sanchez v. City of Chicago*, 880 F.3d 349 (7th Cir. 2018). In this case, Plaintiff has failed to show that the verdict against her was against the clear weight of the evidence nor has she shown the verdict was unfair.

I. **The Ruling Granting Summary Judgment on the Malicious Prosecution Claim Should Stand**

While Plaintiff identifies her motion as a motion for a new trial, this caption is a misnomer as to many of her arguments. Plaintiff's motion is not seeking to overturn the jury's verdict for either of the legally permitted reasons one can move for a new trial—that the verdict was contrary to the manifest weight of the evidence or that the verdict was unfair to Plaintiff. Plaintiff's motion better described as a motion to reconsider Judge Norgle's 2019 ruling or as a motion to reconsider this Court's denial of Plaintiff's prior motion to reconsider. Plaintiff moved to reconsider Judge Norgle's ruling prior to trial. ECF 125. This court denied her motion to reconsider. ECF 126. Nonetheless, Defendant will address Plaintiff's second motion to reconsider Judge Norgle's ruling (which is also Plaintiff's first motion to reconsider this Court's ruling).

Under Rule 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c). The United States Supreme Court has ruled that Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A district court is authorized to grant summary judgment *sua sponte* "so long as the losing party was on notice that she had to come forward with all of her evidence." *Id*. at 326; see also *Acequia, Inc. v. Prudential Ins. Co. of Am*., 226 F.3d 798, 807 (7th Cir.2000) ("district court is permitted to enter summary judgment *sua sponte* if the losing party has proper notice that the court is considering granting summary judgment and the losing party has a fair opportunity to present evidence in opposition.") For decades, Court in this jurisdiction have recognized that when one

party files a motion for summary judgment a Court may grant summary judgment in favor of the responding party so long as the losing party has notice that the court is considering summary judgment and a "fair opportunity to present evidence in opposition." *Acequia, Inc. v. Prudential Insurance Company of America*, 226 F.3d 798, 807 (7th Cir.2000); *Bell v. Marseilles Elementary Sch.*, 160 F. Supp. 2d 883, 885 (N.D. Ill. 2001).

Courts in this jurisdiction have repeatedly exercised their authority to grant summary judgment *sua sponte*. In *Bell*, the Defendant police officer moved for summary judgment. *Id*. at 884-885. Plaintiffs did not file a motion for summary judgment, but summary judgment was granted *sua sponte* in their favor. Id. at 885. Defendant filed a motion to reconsider. *Id*. The Court upheld its ruling granting summary judgment find that Defendant had sufficient notice, the opportunity to respond to Plaintiff's facts and the opportunity to offer additional facts into evidence. *Id*. at 886; see also *Dewar v. Chicago Police Dep't*, No. 16 C 2287, 2019 WL 214932, at *5 (N.D. Ill. Jan. 16, 2019 Judge Virginia M. Kendall presiding) (granting summary judgment in Plaintiff's favor on the Court's own motion.). The 7th Circuit has found similarly. *Goldstein v. Fid. & Guar. Ins. Underwriters, Inc.*, 86 F.3d 749, 750 (7th Cir. 1996). In *Goldstein*, Goldstein moved for summary judgment. The district court granted summary judgment *sua sponte* in Fidelity's favor. *Id*. Goldstein appealed. The 7th Circuit found that summary judgment was appropriate as Goldstein was on notice that summary judgment was "being considered." *Id*. The 7th Circuit found that Goldstein was provided with the appropriate safeguards, no material facts existed and the district court was warranted to act *sua sponte. Id*. at 751.

Similarly, a "district court may enter summary judgment *sua sponte* on an issue not explicitly argued if the losing party is on notice that she has to come forward with all of her evidence." *Kellar v. Summit Seating Inc.,* 664 F.3d 169, 174 (7th Cir. 2011); *Acequia, Inc. v.*

3

*Prudential Ins. Co. of Am*., 226 F.3d 798, 807 (7th Cir.2000); *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir. 2009). The essential inquiry is whether the losing party had an opportunity present all of the evidence. In *Kellar*, the losing party claimed that she did not have notice that summary judgment was being considered for the particular reasons relied upon by the district court. *Kellar,* 644 F. 3d. at 174. While the 7th Circuit agreed that Kellar was not on notice about the rationale for granting summary judgment the Court affirmed the district court's ruling finding, in part, that Kellar failed to argue she had additional evidence to present had the district court given her notice. *Id*.

In *Golden Years,* after the defendants moved for summary judgment the district court granted summary judgment on the constitutional claims as well as state law claims of malicious prosecution and abuse of process finding that the plaintiff's evidence was insufficient as a matter of law. *Golden Years*, 557 F. 3d at 459, 461. Golden Years challenged the ruling alleging that the district court acted *sua sponte* since defendants never moved for a merits dismissal of the state law claims. *Id*. at 459. The 7th Circuit noted that defendants moved to dismiss the malicious prosecution and abuse of process claims. *Id*. at 460. The 7th Circuit found that the district court's decision was not *sua sponte* as the defendants asked for dismissal of the state law claims in their motion for summary judgment. *Id*. at 462. Moreover, Golden Years responded to the motion for summary judgment and thus had an opportunity to present its evidence and argument. *Id*. On appeal, Golden Years failed to identify any significant evidence that was not admitted. *Id*. The 7th Circuit found the district court acted properly in dismissing the state law claims and affirmed. *Id*.

Here, Plaintiff had a sufficient opportunity to present both evidence and argument regarding the malicious prosecution claim. Defendant moved for summary judgment on this claim, placing Plaintiff on notice. ECF 46, 47, 48. Plaintiff responded to Defendant's motion, responded

4

to Defendants' 56.1 Statement of Undisputed facts and filed a statement of additional facts. ECF 50, 51, 52. Plaintiff had sufficient notice that the viability of the malicious prosecution claim was at issue and before the Court. Plaintiff does not now claim that she has additional arguments or evidence to present on the probable cause issue. In fact, the Court granted summary judgment in Defendant's favor based on Plaintiff's own admissions. Thus, even if the Plaintiff was not on notice of the Court's basis for granting summary judgement, any alleged procedural deficiency does not warrant a new trial. "[R]eversal is not required in every instance of procedural shortfall. Instead, a litigant ... must show that notice and an opportunity to respond would have mattered." *Kellar* 664 F.3d at 174. Here, notice would not have mattered as all of Plaintiff's evidence was before the Court and the outcome would have been the same.

Moreover, in this case, Plaintiff had an opportunity to present additional argument and evidence and this cured any possible procedural deficiency. After Judge Norgle granted Defendant's motion for summary judgment on the malicious prosecution claim, Plaintiff never moved to reconsider. Instead, she waited three years until the eve of trial and raised her concerns--first at the pretrial conference and later in a written response to Defendant's motion in limine where she first asked this Court to reconsider Judge Norgle's ruling. ECF 125. The merits of Plaintiff's motion to reconsider were fully considered and then denied by this Court. ECF 126. This Court's ruling found that, not only was Plaintiff's motion untimely, the finding of probable cause and granting of summary judgment were supported by the evidence. ECF 126. Thus, even if Judge Norgle's order was procedurally improper, Plaintiff's pretrial motion to reconsider and related arguments cured any procedural deficiency. *United States v. Kmart Corp.,* No. 12-CV-0881-NJR-PMF, 2015 WL 11181733, at *2 (S.D. Ill. Jan. 9, 2015) (Finding that the losing party's motion to reconsider and reply brief provided the party an opportunity to respond to the reasons

for summary judgment.); *Malak v. Associated Physicians, Inc*. et al., 784 F.2d 277, 279-81 (7th Cir. 1986) (When a losing party is able to address material issues in responses to other motions, granting summary judgment *sua sponte* without notice is not a basis for reversal.). As such, Plaintiff's motion for a new trial[1] should be denied.

## II. This Court and Judge Norgle Applied the Appropriate Probable Cause Standard

Both Judge Norgle and this Court applied the appropriate probable cause standard when either granting or declining to reconsider summary judgment. In her motion for a new trial, Plaintiff asserts that Judge Norgle applied an incorrect probable cause analysis. ECF 141 p. 4. Again, Plaintiff never timely raised this issue with Judge Norgle in a motion to reconsider. Further, this Court evaluated this argument when denying Plaintiff's motion to reconsider (filed in response to Defendant's motion *in limine*) evaluating the charge specific probable cause for battery and ruling that probable cause existed. Plaintiff now disputes this ruling claiming (1) Plaintiff denies hitting Defendant and (2) at trial Plaintiff testified she admitted to committing a battery to get out of the arrest. ECF 141 p. 4. These arguments fail and do not warrant a new trial.

First, Plaintiff's subsequent denials do not negate any probable cause to charge Plaintiff with the crime of battery. Probable cause is an absolute bar to Plaintiff's malicious prosecution claim. *Holmes v. Village of Hoffman Estate,* 511 F.3d 673, 681–82 (7th Cir. 2007). The fact that a Plaintiff, at trial, denies the battery does not negate the probable cause which existed when she was arrested and charged, nor does it undermine her prior statements and admissions. Thus, Plaintiff's denials at trial do not warrant reversal of Judge Norgle's order dismissing the malicious prosecution claim and this Court's denial of Plaintiff's motion to reconsider. Probable cause for

---

[1] Moreover, the Plaintiff's own trial testimony mandates denial of Plaintiff's motion for a new trial. Judge Norgle found Plaintiff's testimony at her deposition was sufficient to find probable cause on at least an assault. While Defendant does not have the transcript from the trial, Plaintiff testified consistent with her deposition on this issue. At trial Plaintiff admitted to both words and a gesture which would constitute an assault and justify her arrest.

battery is supported in this case by not just Defendant's signed criminal complaint but also by Plaintiff's admissions on scene that she "smacked him" and "pushed him." ECF 119, Ex. 1, ECF 126.

Moreover, Plaintiff's second argument—that at trial she testified that she admitted to a battery to evade a seizure does not negate probable cause. Plaintiff's statements on scene are sufficient to support a finding of probable cause—as she admitted to committing a battery. Plaintiff admitted to "smacking" Defendant Fuentes. Thus, on scene, seconds after the incident Plaintiff admitted to committing a battery. This statement was recorded on Plaintiff's own cell phone video and was presented to the jury. The fact that nearly 7 years later and at trial Plaintiff attempted to walk back or explain these admissions in a failed attempt to seek monetary damages does not negate probable cause nor warrant a new trial on the malicious prosecution claim. The jury heard Plaintiff's testimony, saw the video and found for Defendant Fuentes. This verdict was not against the manifest weight of the evidence nor was it unfair in any way to Plaintiff. As such, Plaintiff has failed to meet the legal standard for a new trial and Plaintiff's motion for a new trial should be denied.

### III. The Proximate Cause Instruction Was Proper

Plaintiff asserts that this Court's instruction to the jury was erroneous and warrants a new trial. First and foremost, the pattern jury instructions for the Northern District of Illinois do not include a pattern instruction for proximate cause. Northern District of Illinois Pattern Jury Instructions Civil 1.30. In this case both Plaintiff and Defendant submitted a proposed instruction on proximate cause relying upon the Illinois Pattern Jury Instructions. ECF 109 p. 1, 110-2 p.4. The instruction given by the court was: "When I use the expression 'proximate cause,' I mean a

cause that in the natural or ordinary course of events, produced plaintiff's injury." ECF 135 p. 29. Plaintiff now disputes this instruction.

The instruction given was consistent with the Illinois Pattern Jury Instructions on proximate cause. IPI 15.01. What Plaintiff disputes is that the instruction given did not include the additional language contained in the Illinois Pattern Jury Instruction. A review of the committee notes shows that this Court's decision was proper and consistent with IPI 15.01.

According to the IPI committee notes, the additional language Plaintiff proposed ("It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury") should not have been included in the instruction. The instruction, as given is commonly referred to as the "short form." The short form is the proper instruction and the language Plaintiff proposed is inappropriate in cases in which "the only other possible cause of the harm in question was the plaintiff's predisposition to the injury." ICI 15.01, committee notes p. 2; *Lounsbury v. Yorro*, 124 Ill. App. 3d 745 (2nd Dist. 1984). That is the exact situation here. There is no other person whose actions could be the cause of any purported injury. Rather, Plaintiff's theory is that Plaintiff's preexisting mental health exasperated her injuries. *Lounsbury* and the committee notes are clear that the short form of the jury instruction is the appropriate instruction in this situation.

The second argument in Plaintiff's post trial motion is that the Court should have included the second proposed paragraph. In her proposed jury instructions Plaintiff proposed:

> If you decide that the defendant was negligent and that her [sic] negligence was a proximate cause of injury to the plaintiff, it is not a defense that something else may also have been a cause of the injury. However, if you decide that the defendant's conduct was not a proximate cause of the plaintiff's injury, then your verdict should be for the defendant. ECF 110-2 p. 4.

Defendant objected to the inclusion of this paragraph as the pending claims were not negligence. *Id*. Plaintiff then filed a modified version of this instruction with the language as follows:

> If you decide that the defendant's conduct was intentional and that his conduct was a proximate cause of injury to the plaintiff, it is not a defense that something else may also have been a cause of the injury. However, if you decide that the defendant's conduct was not a proximate cause of the plaintiff's injury, then your verdict should be for the defendant. ECF 122-1 p. 2.

First, Plaintiff's proposed language is not consistent with the IPI. Second, the changes made by Plaintiff completely change the context of the paragraph. The committee notes are also instructive on this issue. They state that the second paragraph in this instruction instructs the jury that "'[w]here a person is guilty of the negligence charged against him, it is no defense that some other person, or thing, contributed to bring about the results for which the damages are claimed.'" *Romine v. City of Watseka*, 341 Ill. App. 370, 377, 91 N.E.2d 76, 79 (2d Dist. 1950); *Manion v. Chicago, R.I. & P. Ry. Co.*, 12 Ill.App.2d 1, 18, 138 N.E.2d 98, 106-07 (2d Dist. 1956); *Liby v. Town Club*, 5 Ill.App.2d 559, 565, 126 N.E.2d 153, 156 (1st Dist. 1955). Defendant never argued a third party or something else caused her injury. In fact, Plaintiff never argued any other person or thing caused injury. Instead, Plaintiff sought inclusion of this paragraph to address her assertion that Defendant caused an aggravation of her preexisting conditions. ECF 112 p. 1. This is not the intended purpose of IPI 15.01, as made clear by the committee notes and case law cited therein.

Finally, even if the proposed instruction should have been given, no harm occurred. The jury was instructed "[i]f you decide for the plaintiff, you may not deny or limit the plaintiff's right to damages resulting from this occurrence because any injury resulted from an aggravation of a pre-existing condition or a pre-existing condition which rendered the plaintiff more susceptible to injury." ECF 135 p. 26. This instruction cured any purported deficiency in the proximate cause

9

instruction. As Plaintiff has failed to demonstrate that the given proximate cause instruction was unfair in any way, this court should deny Plaintiff's motion for a new trial.

## IV. The Testimony of Dr. Angelos Halaris Was Properly Admitted

The issues regarding Defendant's expert have been extensively argued and briefed by the parties. ECF 111, 113. First and foremost, it should be noted that Dr. Angelos Halaris testified regarding Plaintiff's damages—namely whether or not Plaintiff's suffered an aggravation of PTSD from the incident. In this case, the jury found for Defendant on all issues regarding liability. This is not a case in which the jury found for Plaintiff but only awarded nominal damages. In light of the jury verdict finding Defendant not liable, Dr. Halaris' testimony regarding damages is irrelevant as the jury never reached the issue of damages. Thus, any request for a new trial regarding issues involving Defendant's expert should be denied.

However, should this issue warrant an analysis on the merits and as explained in prior briefing, Dr. Halaris' opinions and qualifications were timely disclosed. ECF 113 p. 10-17. Defendant adopts and incorporates by reference his prior briefing on this issue as his response to Plaintiff's motion for a new trial. *Id*. Plaintiff was provided timely notice of the identity of Defendant's expert, his qualifications and his opinion. Plaintiff asserts in her motion for a new trial that she was prejudiced by the untimely disclosure of the expert's fee schedule and prior testimony. ECF 141.

It is important to note the timeline of events regarding Dr. Halaris' opinion. Defendant disclosed Dr. Halaris' opinion, the results of his independent medical examination of Plaintiff and his qualifications on September 14, 2022. Subsequent to the disclosure, the parties discussed a variety of dates for Dr. Halaris' deposition. This case was then transferred to this Court. ECF 96. After the transfer of the case Plaintiff continued to seek Dr. Halaris' deposition—including before,

during and after the initial status hearing before this Court. Then on November 3, 2022, Plaintiff informed Defendant she was no longer seeking to depose Dr. Halaris but instead was seeking to bar Dr. Halaris. Upon being so notified, Defendant realized the inadvertent error and immediately provided Dr. Halaris' fee schedule, and prior testimony to Plaintiff *on the same day.* At the time of the supplemental disclosure, Plaintiff was still within Court allowed time to depose and as such the supplemental disclosures on November 3, 2023 cured any prejudice.

"[U]ntimely Rule 26 disclosures may be harmless where the opposing party had an opportunity to depose the expert or was otherwise aware of the substance of the expert's opinion." *Gecker as Tr. for Collins v. Menard, Inc*., No. 16 C 50153, 2019 WL 4166859, at *2 (N.D. Ill. Sept. 3, 2019) (emphasis added); citing *Banister v. Burton*, 636 F.3d 828, 833-34 (7th Cir. 2011) (Even if a report was necessary under Rule 26(a)(2), the failure to file one was harmless since plaintiff wasn't surprised by the doctor's testimony.). The factors which should guide the district court's evaluation regarding whether a late disclosure is harmless include: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id*., citing *David v. Caterpillar, Inc*., 324 F.3d 851, 857 (7th Cir.2003).

In her motion for a new trial, Plaintiff argues only that she was prejudiced and that Defendant did not have a good reason for the late disclosures. ECF 141 p. 9-11. Regarding the reason for the late disclosures, Defendant has explained that the late disclosure of the expert's testimony and fee schedule was inadvertent and not made in bad faith. ECF 113 p. 16-17. The lack of bad faith is supported by the fact that Defendant provided the missing information on November 3, 2022, immediately after Plaintiff identified the issue. Defendant also identified multiple dates

Dr. Halaris was available for his deposition, including dates during and after the time permitted by the Court to depose Dr. Halaris. Defendant offered dates as late as November 29, 2022 for the deposition, but Plaintiff chose not to depose the expert.

Plaintiff claims that she was deprived time to research Dr. Halaris, but it is clear from her filings that this is not the case. Plaintiff's counsel admitted at the pre-trial conference that he did not thoroughly review the expert's report after it was disclosed. Plaintiff states that in "reviewing Dr. Halaris' report, Plaintiff's counsel discovered" the missing information. ECF 141, p. 9. It is clear that this more thorough review did not occur until late October or early November— immediately before Plaintiff received the supplemental disclosure. As of October 17, 2022 and October 20, 2022 Plaintiff was still seeking time to depose Dr. Halaris without a single mention of the missing information. It is reasonable to assume that the expert report had not yet been thoroughly reviewed. On what date between October 20, 2022 and November 3, 2022 Plaintiff first thoroughly reviewed the report is unknown. Plaintiff informed Defendant of her intent to file a motion to bar Dr. Halaris on November 3, 2022. The missing information was provided to Plaintiff on November 3, 2022. Thus, even assuming that the report was reviewed and the missing information was noted on October 20, 2022 the 14 day delay between when the report was first reviewed and when the information provided was did not deprive Plaintiff the ability to research Dr. Halaris. Plaintiff received the most important information (the opinion and qualifications) in September.

There was simply no surprise about the existence of Dr. Halaris and his opinions- indeed those opinions were disclosed within the Court ordered deadline. Plaintiff had every opportunity to prepare for the deposition included from the time she received the opinion (September 14, 2022) and when she received the supplemental disclosure of his list of prior case testimony and his fee

schedule (November 3, 2022) until the trial began on December 5, 2022. Moreover, Plaintiff was provided an opportunity to depose Dr. Halaris after the pre-trial conference, nearly two weeks before the trial started, when she learned that Dr. Halaris' testimony was not going to be barred but *chose* not to do so. As such, any delay in providing the expert's fee schedule and prior testimony was harmless and Plaintiff was not prejudiced by the late disclosures. The decision to allow Dr. Halaris to testify was not unfair to Plaintiff. Plaintiff's motion for a new trial should be denied.

**Wherefore**, for the reasons stated, Defendant Fuentes requests this Court deny Plaintiff's motion for a new trial.

DATED: January 30, 2023

Respectfully Submitted:
*/s/ Michele McGee*
Assistant Corporation Counsel Supervisor

Jessica Griff, Assistant Corporation Counsel Supervisor
Michele McGee, Assistant Corporation Counsel Supervisor
Nicholas Perrone, Assistant Corporation Counsel
2 N. LaSalle, Ste. 420
Chicago, Illinois 60602
312-744-8311
Michele.mcgee@cityofchicago.org
Attorney No. 6225600
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that I filed the foregoing using the Court's electronic filing system. As a result, electronic copies of the filed document were served upon all counsel of record as well, on January 30, 2023.

*/s/ Michele McGee*