IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERLA HERRERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 17 C 8839 |
| ) | |
| CITY OF CHICAGO and Chicago Police ) | The Honorable Virginia M. Kendall |
| Officer HECTOR FUENTES, ) | Judge Presiding |
| ) | |
| Defendants. ) | |

**RESPONSE AND OBJECTION TO DEFENDANT'S BILL OF COSTS**

Plaintiff asks that the Bill of Costs be denied in its entirety because Plaintiff cannot pay them now or in the future. *See*, Declaration of Perla Herrera, attached as Exhibit 1. Plaintiff is disabled and cannot work at the present time or at any time in the foreseeable future. Plaintiff's only source of income is a $1,392 per month disability benefit that she receives from Social Security. This monthly income is spent entirely on basic necessities. (*See,* Exhibit 1). Plaintiff has to rely on the charity of others to make ends meet.

The poverty guidelines for 2023 are $14,580[1] for one person. Plaintiff's yearly disability income is $2,124 above the poverty level. Plaintiff's monthly expenses, however, are more than her monthly income.

The district court may consider a plaintiff's financial condition in denying costs under Rule 54(d). *Rivera v. City of Chicago*, 469 F.3d 631, 634 (2006); *citing Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983); *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *Reed v. Int'l Union*, 945 F.2d 198, 204 (7th Cir. 1991); and, *Congregation of Passion v.*

---

[1] *See,* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines.

1

*Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir.1988). The *Badillo* court made clear that pursuant to the unambiguous language of Rule 54(d), the power to award costs is a matter within the sound discretion of the district court. *Badillo*, 717 F.2d at 1165. The *Rivera* court provided guidance which district courts should follow in analyzing whether to deny costs based on a party's indigency. First, the district court must make a threshold factual finding that the losing party is "incapable of paying the court-imposed costs at this time or in the future." *Rivera v. City of Chicago*, at 635. The losing party must supply the court with sufficient documentation to support such a finding. This evidence should include evidence in the form of an affidavit or other documentation. Such an affidavit can provide clear proof of a party's dire financial circumstances. *Id.*

"Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs. No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs." *Id.* at 635-636. The *Rivera* court reiterated "Rule 54(d)(1) provides a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome this presumption." *Id*. District courts enjoy wide discretion in determining and awarding reasonable costs. *Testa v. Village of Mundelein, Illinois*, 89 F.3d 443, 447 (7th Cir. 1996). A losing party's inability to pay will suffice to justify denying costs. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988).

In the event that the Court declines to deny the costs in their entirety, Plaintiff asks that the court reduce the Bill of Costs based on Plaintiff's inability to pay. In the instant case, it cannot be said that Plaintiff did anything to unnecessarily prolong the litigation or create unnecessary costs.

Yet, Plaintiff cannot presently or in the foreseeable future pay the Defendant's Bill of Costs. Therefore, if this Court in its discretion determines some costs must be assessed, Plaintiff asks this Court to exercise its discretion to reduce the taxation of costs based on Plaintiff's inability to pay.

**Certain Costs Should Be Denied**

Any party seeking an award of costs caries the burden of showing that the requested costs were necessarily incurred and reasonable. *Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). A court must review a proposed petition for costs with careful scrutiny. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964).

Section 1920(4) authorizes the taxing of costs for copies "necessarily obtained for use in the case." 28 U.S.C. § 1920. The Seventh Circuit has interpreted the phrase "for use in the case" under §1920 to mean "materials actually prepared for use in presenting evidence to the court." *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000); *E.E.O.C. v. Kenosha Unified School District No. 1*, 620 F.2d 1220, 1227-1228 (7th Cir. 1980); *Riley v. UOP LLC*, 258 F. Supp. 2d 841, 843 (N.D. Ill. 2003) (Photocopying charges for copies made solely for attorney convenience cannot be awarded). In proving that copies were necessarily obtained for use in the case moving party must make the required showing of necessity. *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991).

The following claimed costs should be denied:

Jenny Lemus, condensed transcript of deposition, $23.25; the original was charged, the condensed transcript is merely for counsel's convenience.

Jenny Lemus, deposition exhibits $17.50; the parties had the deposition exhibits, there was no need to obtain them from the court reporting service.

Pre-trial Conference Transcript, $776.00; this transcript was only for counsel's convenience and was not used at trial.

3

Plaintiff's deposition exhibits $1.40; the parties had the deposition exhibits, there was no need to obtain them from the court reporting service.

Dr. Machabanski deposition exhibits $11.90; the parties had the deposition exhibits, there was no need to obtain them from the court reporting service.

Jenny Lemus deposition witness fee $42.82; Ms. Lemus only attended one day of deposition. There was no reason to pay for two attendance days.

Leah Shaffer deposition witness fee $55.00; Ms. Shaffer only attended one day of deposition. There was no reason to pay for two attendance days.

Jenny Lemus trial subpoena $52.50; the plaintiff subpoenaed and called Ms. Lemus as a witness. The defense was informed that the Plaintiff had Ms. Lemus under subpoena. The Defendant did not call Ms. Lemus in his case in chief.

LaSalle Process Server $465 (Doc. 147-2, p. 37) and $125 (Doc. 147-2, p. 40); The U.S. Marshal's rate for service is $65 per hour per person. 8 CFR § 0.114. Charges of $465 for service on 2 individuals and $125 for service on one individual, are unreasonable. These charges should be reduced to $195.00.

Magna Legal Services Graphic Consulting $1,622.50; There is no explanation in either the Defendant's motion or in Magna's bill regarding what services were provided or how much each specific service cost. In page one of Exhibit B to his bill of costs, the Defendant states that Magna's services were copying costs. In his motion the Defendant states that Magna's services were video exhibit services. This requested cost lacks proper documentation.

After taking the above into consideration, claimed costs should be reduced by $2,997.87, and further reduced based on plaintiff's low income.

If the District Court determines that costs should be assessed, Plaintiff respectfully requests that those costs be stayed pending the Plaintiff's post-trial motion and any appeal therefrom.

**PERLA HERRERA,**

*s/ Peter V. Bustamante*
_____

Peter V. Bustamante
17 North State Street - Suite 1550
Chicago, IL 60602
(312) 346-2072
pvbust@bustamantelaw.com

CERTIFICATE OF SERVICE

      The undersigned certifies that the above and foregoing was served, upon all counsel of record through the Court's CM/ECF filing system on February 13, 2023.

                                                                                 *s/ Peter V. Bustamante*
                                                                            _____

Peter V. Bustamante
17 North State Street - Suite 1550
Chicago, Illinois 60602
(312) 346-2072
pvbust@bustamantelaw.com